| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J LBR 9004-2** | |
| FORMAN HOLT ELIADES & YOUNGMAN LLC<br>80 Route 4 East, Suite 290<br>Paramus, NJ 07652<br>Tel.: (201) 845-1000<br>Proposed Attorneys for Catherine E. Youngman,<br>Esq., Chapter 7 Trustee<br>Harry M. Gutfleish, Esq., (HG-6483) | |
| In Re:<br><br>NEW CENTURY TRANSPORTATION, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 14-22093 (MBK) |
| In Re<br><br>NORTHWIND LOGISTICS, LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 14-22094 (MBK) |
| In Re<br><br>WESTERN FREIGHTWAYS, LLC<br><br>Debtor. | Chapter 7<br><br>Case No. 14-22095 (MBK) |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

The relief set forth on the following pages, numbered two (2) through sixty-four (64) and Exhibits "A" and "B", is hereby **ORDERED**.

Debtors:       New Century Transportation, Inc. *et al.*

Case No:       14-22093 (MBK)

Caption:       **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

UPON the *Trustee's Application for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure, and D.N.J. LBR 4001-4 (I) Authorizing the Trustee to Obtain Postpetition Financing, (II) Authorizing the Trustee to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Granting Related Relief, and (VII) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "**Application**" and all postpetition financing and use of cash collateral sought to be authorization therein and as described herein and in any exhibits hereto, collectively hereinafter referred to as the "**Postpetition Financing**") filed in the above-captioned case on June 12, 2014; the *Declaration of Michael Gullo in Support of Trustee's Application for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure, and D.N.J. LBR 4001-4 (I) Authorizing the Trustee to Obtain Postpetition Financing, (II) Authorizing the Trustee to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Granting Related Relief, and (VII) Scheduling a Final Hearing Pursuant to Bankruptcy Rule*

2

Debtors:     New Century Transportation, Inc. *et al.*

Case No:     14-22093 (MBK)

Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

*4001* filed in the above-captioned case on June 12, 2014 (and together with all exhibits thereto "the **Declaration**" and together with the Application and all exihibits thereto, collectively hereinafter referred to as the "**Financing Application**")[2]; and the Financing Application having been filed by Forman Holt Eliades & Youngman LLC, as proposed counsel for Catherine Youngman, Esq., as chapter 7 trustee (in such capacity, the "**Trustee**") for the above-captioned case and each of the cases (each a "**Case**" and collectively, the "**Cases**") filed by debtors, New Century Transportation, Inc., Northwind Logistics, LLC, and Western Freightways, LLC (each individually, a "**Debtor**" and collectively, the "**Debtors**") under chapter 7 of title 11 of the United States Code, (11 U.S.C. §§ 101, *et seq.*, as amended, the "**Bankruptcy Code**"), which Cases are requested to be jointly administered under the above-captioned case pursuant to separate application by the Trustee; and an interim hearing (the "**Interim Hearing**") having been held on [_____ __, 2014] before this court (the "**Court**" or the "**Bankruptcy Court**") with respect to the Financing Application for entry of this interim order (this "**Interim Order**"), pursuant to sections 105, 361, 362, 363, 364, 507, 721 of the Bankruptcy Code, Rules 2002,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Prepetition Senior Credit Agreement (as such term is defined herein).

Debtors:       New Century Transportation, Inc. *et al.*

Case No:       14-22093 (MBK)

Caption:       **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

---

4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and

D.N.J. LBR 4001-4, seeking, among other things:

(1)     authorization for the Trustee to obtain the Postpetition Financing, including

postpetition loans and advances up to a maximum amount (the "**Postpetition Facility**") from

Capital One Business Credit, Inc. as Agent (in such capacity, the "**Postpetition Agent**") acting

on behalf of and for the benefit of itself and the other lenders (in such capacity and together with

the Postpetition Agent, each a "**Postpetition Lender**", and collectively, the "**Postpetition**

**Lenders**") from time to time party to the Prepetition Senior Credit Agreement (as defined

herein), pursuant to the terms memorialized in this Interim Order and in the term sheet annexed

hereto as Exhibit "A" (the "**Term Sheet**")[3], which were negotiated and agreed to among the

Trustee and the Postpetition Agent, in order to operate the Debtors' businesses and to conduct an

orderly liquidation of the Debtors' assets;

(2)     authorization for the Trustee to perform all actions and to execute and deliver any

other documents or agreements as may be necessary or desirable to implement and effectuate the

terms of this Interim Order and the Term Sheet, subject to the Postpetition Agent's written

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

consent and direction in its sole discretion, including security agreements, deposit account control agreements, pledge agreements, and promissory notes (together with the Term Sheet, each a "**Postpetition Loan Document**" and collectively, the "**Postpetition Loan Documents**");

(3)      the grant to the Postpetition Agent, on behalf of and for the benefit of itself and the other Postpetition Lenders, of allowed superpriority administrative expense claim status pursuant to Section 364(c)(1) of the Bankruptcy Code in each of the Cases and any Successor Cases (as defined herein) in respect of all obligations owing under the Postpetition Facility to the Postpetition Agent and/or to any of the Postpetition Lenders (each a "**Postpetition Obligation**" and collectively, the "**Postpetition Obligations**"), subject to the priorities set forth herein;

(4)      the grant to the Postpetition Agent, on behalf of and for the benefit of itself and the other Postpetition Lenders, of automatically perfected security interests in and liens on all of the Postpetition Collateral (as defined herein) pursuant to Sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, including, without limitation, all property constituting "**Cash Collateral**" as defined in Section 363(a) of the Bankruptcy Code, which liens shall be subject to the priorities set forth herein;

---

[3] Capitalized terms used but not otherwise defined in the Term Sheet shall have the meaning ascribed to them in

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

(5)        authorization for the Trustee to pay  principal, interest, and other amounts payable under the Prepetition Senior Credit Agreement or the Postpetition Facility, including, without limitation, all to the extent provided by and in accordance with the terms memorialized herein and in the Term Sheet and at the direction of the Postpetition Agent;

(6)        the grant of adequate protection to and for the benefit of the Prepetition Lenders (as defined herein) to the extent set forth herein;

(7)        the vacation and modification of the automatic stay imposed by Section 362 of the Bankruptcy Code solely to the extent necessary to implement and effectuate the terms of this Interim Order and the Term Sheet; and

(8)        the scheduling of a final hearing (the "**Final Hearing**") to consider the relief requested in the Financing Application on a final basis, approving the form of notice with respect to the Final Hearing, and granting related relief.

WHEREAS, the Court having considered the Financing Application, and all exhibits and other documents filed in connection therewith in support thereof, including, the proposed Interim Order, the Term Sheet, the Declaration filed as exhibits to and/or in connection with the

this Interim Order.

| Debtors: | New Century Transportation, Inc. *et al.* |
|---|---|
| Case No: | 14-22093 (MBK) |
| Caption: | **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001** |

Financing Application, and the evidence submitted or adduced and the arguments of counsel made at the Interim Hearing; and notice of the Interim Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c) and (d), 9014, and D.N.J. LBR 4001-4 as set forth herein;

WHEREAS, the Interim Hearing to consider the interim relief requested in the Financing Application having been held and concluded; and all objections, if any, to the interim relief requested in the Financing Application having been withdrawn, resolved or overruled by the Court; and it appearing to the Court that granting the interim relief requested is necessary to avoid immediate and irreparable harm to the Debtors' estates pending the Final Hearing, and otherwise is fair and reasonable and in the best interests of the Debtors, their estates, and their creditors and equity holders, and is essential for the continued operation of the Debtors' businesses to preserve their value and to conduct an orderly liquidation of the Debtors' assets; and after due deliberation and consideration, and for good and sufficient cause appearing therefor;

Debtors:       New Century Transportation, Inc. *et al.*

Case No:       14-22093 (MBK)

Caption:       **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

BASED UPON THE FOREGOING RECORD ESTABLISHED AT THE INTERIM HEARING, THE TRUSTEE STIPULATES AND THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. *Petition Date*. On June 11, 2014 (the "**Petition Date**"), each of the Debtors filed a separate voluntary petition under chapter 7 of the Bankruptcy Code in this Court commencing these Cases. Pursuant to Section 721 of the Bankruptcy Code, the Trustee is authorized to operate the Debtors' businesses for a short period of time in order to protect and preserve the assets of the Debtors' estates and permit the Trustee to liquidate them in the most effective and cost-efficient manner.

B. *Jurisdiction and Venue*. This Court has core jurisdiction over the Cases, the Application, these proceedings, and over the persons and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Financing Application constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the Cases and proceedings on the Financing Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C. *Notice*. Notice of the Financing Application and the Interim Hearing was provided by the Trustee or the Prepetition Senior Agent to (i) the U.S. Trustee for the District of New Jersey,

Debtors:       New Century Transportation, Inc. *et al.*

Case No:       14-22093 (MBK)

Caption:       **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

(ii) the Prepetition Subordinated Agent, (iii) the Debtors, and (iv) those parties who have filed a notice of appearance and request for service of pleadings in these Cases pursuant to Bankruptcy Rule 2002, which the Trustee asserts under the circumstances constitutes due and sufficient notice thereof pursuant to Bankruptcy Rules 2002, 4001(b), (c) and (d), and 9014 and D.N.J. LBR 4001-4.  The Court has not directed service on any other party.

        D. *Prepetition Credit Documents.* (i) *Prepetition Senior Credit Documents.* Pursuant to that certain Loan and Security Agreement dated as of August 3, 2012 (as amended, modified and/or supplemented from time to time, the "**Prepetition Senior Credit Agreement**" and together with all related documents, guaranties and agreements, the "**Prepetition Senior Credit Documents**"), by and among each of the Debtors, as borrowers together with any other affiliates of the Debtors that are parties thereto from time to time as borrowers or guarantors, and Capital One Leverage Finance, Corp., as agent (in such capacity, the "**Prepetition Senior Agent**") acting on behalf of and for the benefit of itself and the other lenders that are parties thereto from time to time (in such capacity, each a "**Prepetition Senior Lender**" and collectively, the "**Prepetition Senior Lenders**"), Prepetition Senior Lenders agreed to provide the Debtors with

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY      PROCEDURE,      AND      D.N.J.      LBR      4001-4      (I)
AUTHORIZING      THE      TRUSTEE      TO      OBTAIN      POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL,      (III)      GRANTING      LIENS      AND      PROVIDING
SUPERPRIORITY      ADMINISTRATIVE      EXPENSE      STATUS,      (IV)
GRANTING      ADEQUATE      PROTECTION,      (V)      MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

revolving and term loan commitments, for working capital purposes and to facilitate the issuance

of letters of credit, in the maximum aggregate principal amount of $60,000,000.00.

(ii) *Prepetition Senior Obligations*.  As of the Petition Date, the aggregate

outstanding principal amount owed by the Debtors under the Prepetition Senior Credit

Documents was not less than $35,000,000.00 (together with any interest, fees, costs and

other charges or amounts paid, incurred or accrued prior to the Petition Date in

accordance with the Prepetition Senior Credit Documents, including all "Obligations" as

described and defined in the Prepetition Senior Credit Agreement, and all interest, fees,

costs and other charges allowable under Section 506(b) of the Bankruptcy Code,

collectively, the "**Prepetition Senior Obligations**").  As more fully set forth in the

Prepetition Senior Credit Documents, prior to the Petition Date, the Debtors granted first-

priority security interests in and liens (collectively, the "**Prepetition Senior Liens**") on

substantially all personal and real property of the Debtors, including, without limitation,

accounts, inventory, equipment and general intangibles (collectively, the "**Prepetition

Collateral**") to the Prepetition Senior Agent, on behalf of and for the benefit of itself and

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

the other Prepetition Senior Lenders, to secure repayment of the Prepetition Senior Obligations.

(iii) *Prepetition Subordinated Credit Documents*. The Trustee has been informed, but has not yet verified, that pursuant to the Prepetition Subordinated Credit Documents (as defined herein), as of the Petition Date, the Debtors also had outstanding secured debt owed to Prospect Capital Corporation, as agent (in such capacity, the "**Prepetition Subordinated Agent**") acting on behalf of and for the benefit of itself and the other lenders (in such capacity and together with the Prepetition Subordinated Agent, each a "**Prepetition Subordinated Lender**" and collectively, the "**Prepetition Subordinated Lenders**" and together with the Prepetition Senior Lenders, each a "**Prepetition Lender**" and collectively, the "**Prepetition Lenders**") from time to time party to that certain Subordinated Loan Agreement dated as of August 3, 2012 (as amended, modified and/or supplemented from time to time, the "**Prepetition Subordinated Credit Agreement**" and together with all related documents, guaranties and agreements, the "**Prepetition Subordinated Credit Documents**"), by and among the Prepetition Subordinated Lenders and each of the Debtors, as borrowers together with any other affiliates of the Debtors

Debtors:     New Century Transportation, Inc. *et al.*

Case No:     14-22093 (MBK)

Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

that are parties thereto from time to time as borrowers or guarantors. The Prepetition Subordinated Credit Documents together with the Prepetition Senior Credit Documents are collectively referred to herein as the "**Prepetition Credit Documents**".

(iv) *Prepetition Subordinated Obligations.* The Trustee has been informed, but has not verified, that as of the Petition Date, there was an outstanding principal amount owed by the Debtors under the Prepetition Subordinated Credit Documents (together with any amounts paid, incurred or accrued, including but not limited to interest, fees and expenses, prior to the Petition Date in accordance with the Prepetition Subordinated Credit Documents, the "**Prepetition Subordinated Obligations**" and together with the Prepetition Senior Obligations, collectively, the "**Prepetition Secured Obligations**"). As more fully set forth in the Prepetition Subordinated Credit Documents, prior to the Petition Date, the Debtors granted second-priority security interests in and liens (the "**Prepetition Subordinated Liens**") on the Prepetition Collateral to the Prepetition Subordinated Agent acting on behalf of and for the benefit of itself and the other Prepetition Subordinated Lenders to secure repayment of the Prepetition Subordinated Obligations. The Prepetition Subordinated Liens and the Prepetition Senior Liens are

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

collectively referred to herein as the "**Prepetition Liens**." The Trustee reserves all rights with respect to the Prepetition Subordinated Obligations and Prepetition Subordinated Liens.

(v) *Subordination Agreement*. Each of the Prepetition Lenders entered into that certain Subordination and Intercreditor Agreement dated as of August 3, 2012 by and among the Prepetition Lenders and each of the Debtors, as borrowers together with any other affiliates of the Debtors that are parties to the Prepetition Credit Agreements from time to time as borrowers or guarantors (the "**Subordination Agreement**"), pursuant to which Subordination Agreement the Prepetition Subordinated Lenders agreed, among other things and as more specifically set forth therein, that (A) the Prepetition Subordinated Obligations are subordinated in all respects to the prior payment in full of the Prepetition Senior Obligations, and (B) the Prepetition Subordinated Liens are subordinate and junior in all respects to the Prepetition Senior Liens. The Postpetition Lenders have advised the Debtors that their willingness to provide the Postpetition Facility is conditioned on, among other things, the Court acknowledging the validity and enforceability of the Subordination Agreement.

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

(vi) *Validity, Perfection and Priority of Prepetition Liens and Obligations*.  As of the Petition Date, (a) the Prepetition Senior Liens on the Prepetition Collateral are valid, binding, enforceable, non-avoidable and properly perfected, and the Prepetition Senior Liens are senior in priority to the Prepetition Subordinated Liens, (b) the Prepetition Senior Liens have priority over any and all other liens, if any, on the Prepetition Collateral, subject only to certain other liens expressly permitted by the Prepetition Credit Documents to be senior to the Prepetition Liens (to the extent any such permitted liens were valid, binding, enforceable, properly perfected, non-avoidable and senior in priority to the Prepetition Liens as of the Petition Date, each a "**Prepetition Permitted Lien**" and collectively, the "**Prepetition Permitted Liens**") and otherwise had priority over any and all other liens on the Prepetition Collateral;[3] and (c) the Prepetition Senior Obligations constitute legal, valid, binding, and non-avoidable obligations of the Debtors;

---

[3] For purposes of this Interim Order, Prepetition Permitted Liens shall only include all liens that were valid, senior, enforceable, nonavoidable, and perfected under applicable law as of the Petition Date. Nothing herein shall constitute a finding or ruling by this Court that any such Prepetition Permitted Liens are valid, senior, enforceable, perfected or non-avoidable.  Moreover, nothing shall prejudice the rights of any party in interest including, but not limited, to the Trustee, the Debtors, the Postpetition Lenders, and any Statutory Committee (as defined herein) to challenge the validity, priority, enforceability, seniority, avoidability, perfection or extent of any such Prepetition Permitted Lien and/or security interest.

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY     PROCEDURE,     AND     D.N.J.     LBR     4001-4     (I)
AUTHORIZING    THE    TRUSTEE    TO    OBTAIN    POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL,     (III)     GRANTING     LIENS     AND     PROVIDING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV)
GRANTING     ADEQUATE     PROTECTION,     (V)     MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

---

(vii) *Cash Collateral*. All of the Debtors' cash, including the cash in their deposit

accounts, wherever located, whether as original collateral or proceeds of other Prepetition

Collateral, constitute Cash Collateral and is Prepetition Collateral of the Prepetition

Senior Lenders.

(viii) *Default by the Debtors*. Prior to the Petition Date, the Debtors were in

default under each of the Prepetition Senior Credit Documents and remain in default as of

the Petition Date.

F. *Findings Regarding the Postpetition Financing*.

(i) *Request for Postpetition Financing*. The Trustee seeks authority to (a) enter

into the Postpetition Facility on the terms described herein and in the Term Sheet, and (b)

use Cash Collateral on the terms described herein and in the Term Sheet, for the Trustee

to fund the Debtors' operations, conduct an orderly liquidation of the Debtors' assets, and

administer their Cases.  At the Final Hearing, the Trustee will seek final approval of the

proposed Postpetition Financing set forth herein and in the Term Sheet pursuant to a

proposed final order (the "**Final Order**" and any Final Order entered together with this

Interim Order, each a "**Financing Order**" and collectively, the "**Financing Orders**"),

Debtors:      New Century Transportation, Inc. *et al.*

Case No:     14-22093 (MBK)

Caption:    **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

which shall be in form and substance reasonably acceptable to the Postpetition Agent. Notice of the Final Hearing and Final Order will be provided in accordance with this Interim Order.

(ii) *Priming of the Prepetition Liens*. The priming of each of the Prepetition Liens on the Prepetition Collateral by the Postpetition Liens (as defined herein) will enable the Trustee to obtain the Postpetition Facility and to continue to operate the Debtors' businesses and conduct an orderly liquidation of the Debtors' assets for the benefit of their estates and creditors. Each Prepetition Lender has consented to or, pursuant to the terms of the Subordination Agreement and/or the Prepetition Credit Documents, is deemed to have consented to, such priming liens and is entitled to receive adequate protection of its interests as more fully described below.

(iii) *Need for Postpetition Financing and Use of Cash Collateral*. The Trustee's need to use Cash Collateral and to obtain credit pursuant to the Postpetition Facility is immediate and critical in order to enable the Trustee to continue operations, to administer and preserve the value of their estates, and to conduct an orderly liquidation of the Debtors' assets for the benefit of their estates and creditors. The ability of the Trustee to

Debtors: New Century Transportation, Inc. *et al.*

Case No: 14-22093 (MBK)

Caption: **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

finance the Debtors' operations, protect the value of their assets and transport their assets to be liquidated, and maintain business relationships and pay employees to the extent necessary to accomplish the foregoing, all require the availability of working capital from the Postpetition Facility and the use of Cash Collateral as provided herein, the absence of either of which would immediately and irreparably harm the Debtors, their estates, their creditors and any equity holders, and the possibility for a successful administration of these Cases. Without the Postpetition Facility and authorized use of Cash Collateral herein, neither the Debtors nor the Trustee have sufficient available sources of working capital and financing to operate the Debtors' businesses, to maintain their assets in the ordinary course of business, or to prevent the deterioration of their assets and transport them for orderly liquidation.

(iv) *No Credit Available on More Favorable Terms*. Given their current financial condition, financing arrangements, and capital structure, neither the Debtors nor the Trustee are able to obtain financing from sources other than the Postpetition Lenders on terms more favorable than the Postpetition Facility. Neither the Debtors nor the Trustee have been able to obtain unsecured credit allowable under Section 503(b)(1) of the

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Bankruptcy Code as an administrative expense.  Neither the Debtors nor the Trustee have been able to obtain credit: (a) having priority over that of administrative expenses of the kind specified in Sections 503(b), 507(a) and 507(b) of the Bankruptcy Code; (b) secured by a lien on property of the Debtors and their estates that is not otherwise subject to a lien; or (c) secured solely by a junior lien on property of the Debtors and their estates that is subject to a lien.  Financing on a postpetition basis is not otherwise available without granting the Postpetition Lenders, (1) perfected security interests in and liens on (each as provided herein) all of the Debtors' existing and after-acquired assets with the priorities set forth herein, (2) superpriority claims, and (3) the other protections set forth in this Interim Order and in the Term Sheet.

(v) *Use of Proceeds of the Postpetition Facility.* As a condition for the Postpetition Lenders to provide the Postpetition Financing, the Postpetition Lenders require, and the Trustee has agreed, that proceeds of the Postpetition Facility shall be used  in a manner consistent with this Interim Order and the Term Sheet and the Budget (as defined herein) annexed hereto, as the same may be modified and/or amended from time to time subject to entry of a Final Order or subsequent order of this Court, solely for

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

---

(a) post-petition operating expenses and other working capital needed to operate the Debtors' businesses to accomplish an orderly liquidation, (b) to fund a Carve Out (as defined herein) to be used to pay commissions of the Trustee, fees and expenses of her retained professionals, and the US Trustee's fees, and (c) as otherwise consented to in writing by the Postpetition Agent in its sole discretion.  All terms of the Postpetition Facility as set forth herein and in the Term Sheet are necessary, as the Prepetition Senior Lenders have not otherwise consented to the use of their Cash Collateral or subordination of their liens to the Postpetition Liens, and the Postpetition Lenders are not willing to provide the Postpetition Facility absent approval of all terms of the Postpetition Facility as set forth herein and in the Term Sheet.

(vi) *Application of Proceeds of Collateral.* As a condition for the Postpetition Lenders to provide the Postpetition Financing, the Trustee and the Postpetition Agent have agreed that the proceeds of Prepetition Collateral and Postpetition  Collateral (as defined herein) shall be applied in accordance with paragraphs 6 and 18 of this Interim Order.

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I)
AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL, (III) GRANTING LIENS AND PROVIDING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV)
GRANTING ADEQUATE PROTECTION, (V) MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

G. *Adequate Protection.*  The Prepetition Senior Lenders shall receive (i) subject to the priorities set forth in paragraphs 12 and 13 below, the Adequate Protection Liens (as defined herein) to secure the Prepetition Senior Obligations (including, without limitation, the contingent indemnification obligations due under the Prepetition Senior Credit Documents (the "**Surviving Obligations**")) and Adequate Protection Superpriority Claims (as defined herein) with respect to the Prepetition Senior Obligations. The Prepetition Subordinated Lenders shall receive, subject to the priorities set forth in paragraphs 12 and 13 below, and conditioned on the Prepetition Subordinated Lenders proving the extent, validity and priority of their liens, the Adequate Protection Liens and the Adequate Protection Superpriority Claims.  For the avoidance of doubt, the Adequate Protection Liens and the Adequate Protection Superpriority Claims each shall be junior in all respects to the Postpetition Liens and the Carve Out, and the Adequate Protection Superpriority Claims are junior in all respects to the Postpetition Superpriority Claim (as defined herein).

H. *Sections 506(c) and 552(b).* In light of (i) the Postpetition Lenders' agreement to subordinate their liens and superpriority claims, as applicable, to the  Carve Out; and (ii) the agreement of each of the Prepetition Senior Lenders and the Prepetition Subordinated Lenders to

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY     PROCEDURE,     AND     D.N.J.     LBR     4001-4     (I)
AUTHORIZING     THE     TRUSTEE     TO     OBTAIN     POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL,     (III)     GRANTING     LIENS     AND     PROVIDING
SUPERPRIORITY     ADMINISTRATIVE     EXPENSE     STATUS,     (IV)
GRANTING     ADEQUATE     PROTECTION,     (V)     MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

subordinate each of their respective Prepetition Liens, Adequate Protection Superpriority Claims
and Adequate Protection Liens to the Carve Out, the Postpetition Liens, and the Postpetition
Superpriority Claim, in each case as applicable, upon entry of the Final Order, each of the
Postpetition Lenders and each Prepetition Lender is entitled to a waiver of (a) the provisions of
Section 506(c) of the Bankruptcy Code, and (b) any "equities of the case" claims under Section
552(b) of the Bankruptcy Code.

I. *Good Faith and Business Judgment*.

(i) *Willingness to Provide Financing*. The Postpetition Lenders have indicated a
willingness to provide financing to the Trustee subject to: (a) the entry of this Interim
Order and the Final Order; (b) approval of the terms and conditions of the Postpetition
Facility; and (c) entry of findings by this Court that such financing is essential to the
Debtors' estates, that the Postpetition Lenders are extending credit to the Debtors' estates
pursuant to this Interim Order in good faith, and that the Postpetition Lenders' claims,
superpriority claims, security interests, liens, rights, and other protections granted
pursuant to this Interim Order will have the protections provided in Section 364(e) of the
Bankruptcy Code and such will not be negatively affected by any subsequent reversal,

21

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

modification, vacatur, amendment, reargument or reconsideration of this Interim Order or any other order.

(ii) *Business Judgment and Good Faith Pursuant to Section 364(e)*. The extension of credit under the Postpetition Facility reflects the Trustee's exercise of prudent business judgment consistent with her fiduciary duties, and is supported by reasonably equivalent value and consideration. The Postpetition Facility and the use of Cash Collateral were negotiated in good faith and at arms' length among the Trustee and the Postpetition Agent. The use of Cash Collateral and credit to be extended under the Postpetition Facility shall be deemed to have been so allowed, advanced, made, used or extended in good faith, and for valid business purposes and uses, within the meaning of Section 364(e) of the Bankruptcy Code, and the Postpetition Lenders are therefore entitled to the protection and benefits of Section 364(e) of the Bankruptcy Code and this Interim Order.

J. *Notice*. Notice of the Interim Hearing and the emergency relief requested in the Financing Application has been provided by the Trustee or the Prepetition Senior Agent, whether by facsimile, email, overnight courier or hand delivery, to certain parties in interest, including: (i) the U.S. Trustee for the District of New Jersey, (ii) the Prepetition Subordinated Agent, (iii) the

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Debtors, and (iv) those parties who have filed a notice of appearance and request for service of pleadings in these Cases pursuant to Bankruptcy Rule 2002, which the Trustee asserts under the circumstances constitutes due and sufficient notice thereof pursuant to Bankruptcy Rules 2002, 4001(b), (c) and (d), and 9014 and D.N.J. LBR 4001-4. The Court has not directed service on any other party. The Trustee has made reasonable efforts to afford the best notice possible under the circumstances and such notice is good and sufficient to permit the interim relief set forth in this Interim Order, and no other or further notice is or shall be required.

UPON the foregoing findings and conclusions, the Financing Application and the record before the Court with respect to the Financing Application, and good and sufficient cause appearing therefor, IT IS HEREBY ORDERED that:

1. *Interim Financing Approved.* The Financing Application is granted on an interim basis, the Interim Financing (as defined herein) is authorized and approved on an interim basis, and the use of Cash Collateral on an interim basis is authorized, subject to the terms and conditions set forth in this Interim Order and in the Term Sheet.

2. *Objections Overruled.* All objections to the Interim Financing to the extent not withdrawn or resolved are hereby overruled.

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

3. *Authorization of the Postpetition Facility*. The Trustee is expressly and immediately authorized and empowered (i) to execute and deliver any Postpetition Loan Documents, (ii) to incur and to perform the Postpetition Obligations in accordance with, and subject to, the terms of this Interim Order and the Term Sheet, and (iii) to deliver all instruments and documents that may be necessary or required for performance by the Trustee or the Debtors' estates under the Postpetition Facility and the creation and perfection of the Postpetition Liens described in and provided for by this Interim Order. The Trustee is hereby authorized and directed to pay the principal, interest, fees, expenses and other amounts of the Prepetition Senior Obligations from the proceeds of Prepetition Collateral, and upon full payment thereof, to apply any remaining proceeds from Prepetition Collateral to pay the Postpetition Facility without need to obtain further Court approval, including, without limitation, closing fees, unused facility fees, continuing commitment fees, monitoring and exit fees, servicing fees, audit fees, structuring fees, the reasonable fees and disbursements of the Postpetition Lenders' attorneys, advisers, accountants, and other consultants, whether or not the transactions contemplated hereby are consummated, all to the extent provided herein and in the Term Sheet.   All collections and proceeds, whether from ordinary course collections, asset sales, debt issuances, insurance

Debtors:          New Century Transportation, Inc. *et al.*

Case No:          14-22093 (MBK)

Caption:          **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

recoveries, condemnations or otherwise, will be deposited and applied as required by this Interim Order and the Term Sheet. The Prepetition Senior Agent shall allocate among Prepetition Senior Lenders all payments received from the Trustee in accordance with the terms of the Prepetition Senior Credit Documents, and may treat advances made under the Postpetition Facility as costs and expenses of realization on the Prepetition Collateral. Upon entry of this Interim Order, the Postpetition Facility as set forth herein, shall represent valid and binding, and joint and several, obligations of the Debtors' estates, enforceable against each of the Trustee, the Debtors and their estates in accordance with the terms herein.  Notwithstanding anything to the contrary in the Subordination Agreement, upon the entry of this Interim Order, the Prepetition Senior Lenders may deliver to the Postpetition Lenders or to the Trustee for liquidation any possessory collateral in the Prepetition Senior Lenders' possession, without regard to whether any Prepetition Subordinated Lender has any rights thereunder or has obtained additional rights under any other similar agreement.

4. *Authorization to Borrow*. Until the date the Postpetition Facility herein terminates (the "**Termination Date**" and the period from the date of entry of this Interim Order through the Termination Date hereinafter, the "**Term**"), and subject to the terms and conditions set forth in

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY     PROCEDURE,     AND     D.N.J.     LBR     4001-4     (I)
AUTHORIZING     THE     TRUSTEE     TO     OBTAIN     POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL,     (III)     GRANTING     LIENS     AND     PROVIDING
SUPERPRIORITY     ADMINISTRATIVE     EXPENSE     STATUS,     (IV)
GRANTING     ADEQUATE     PROTECTION,     (V)     MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

---

this Interim Order and the Term Sheet, and in order to prevent immediate and irreparable harm to

the Debtors' estates, the Trustee is hereby authorized to request advances and extensions under

the Postpetition Facility up to a maximum aggregate principal amount of [$_____] (inclusive

of amounts advanced to the Debtors by the Postpetition Agent on the Petition Date) on an interim

basis and subject to entry of the Final Order (the "**Interim Financing**") and at the Final Hearing

the Trustee seeks authorization to request advances and extensions under the Postpetition Facility

on final basis up to a maximum aggregate principal amount of $8,962,000.00 (inclusive of

amounts advanced to the Debtors by the Postpetition Agent on the Petition Date).

5. *Postpetition Obligations.* This Interim Order shall constitute and evidence the validity and

binding effect of the Postpetition Obligations, which Postpetition Obligations shall be

enforceable against the Trustee (not individually but solely in her capacity as Trustee for the

Debtors), the Debtors, their estates and any successors thereto, including without limitation, any

trustee or other estate representative appointed in any of the Cases or any subsequent cases

commenced under the Bankruptcy Code by or on behalf of any of the Debtors (each a

"**Successor Case**" and collectively, "**Successor Cases**").  Upon entry of this Interim Order, the

Postpetition Obligations will include all loans and any other indebtedness or obligations,

Debtors:          New Century Transportation, Inc. *et al.*

Case No:          14-22093 (MBK)

Caption:          **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

contingent or absolute, which may now or from time to time be owing by any of the Trustee, the Debtors or their estates to the Postpetition Lenders under the Postpetition Facility and this Interim Order, including, without limitation, all principal, accrued interest, costs, fees, expenses and other amounts owed pursuant to this Interim Order and any Postpetition Loan Documents, and shall be joint and several obligations of each of the Debtors and their estates in all respects.

6. *Postpetition Liens and Collateral.*

(a) Effective immediately upon the entry of this Interim Order, pursuant to Sections 364(c)(2), 364(c)(3), and 364(d) of the Bankruptcy Code, the Postpetition Agent, on behalf of and for the benefit of itself and the other Postpetition Lenders, is hereby granted, continuing valid, binding, enforceable, non-avoidable and automatically and properly perfected postpetition security interests in and liens (collectively, the "**Postpetition Liens**") on any and all presently owned and hereafter acquired assets and real and personal property of the Debtors, including, without limitation, the following and all proceeds of the following (collectively, the "**Postpetition Collateral**"):

Debtors:       New Century Transportation, Inc. *et al.*

Case No:       14-22093 (MBK)

Caption:       **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

(i) all Accounts[4];

(ii) all Goods, including Equipment, Inventory and Fixtures;

(iii) all Documents, Instruments and Chattel Paper;

(iv) all Letters of Credit and Letter-of-Credit Rights;

(v) all Securities Collateral;

(vi) all Investment Property;

(vii) all Intellectual Property Collateral;

(viii) all Commercial Tort Claims;

(ix) all General Intangibles (including, without limitation, all Payment Intangibles);

(x) all Deposit Accounts (including, without limitation, the Dominion Accounts);

(xi) all Supporting Obligations;

(xii) all money, cash or cash equivalents;

(xiii) all credit balances, deposits and other property now or hereafter held or received by or in transit to any of the Postpetition Lenders or at any other depository or other institution from or for the account of any Debtor, whether for safekeeping, pledge, custody, transmission, collection or otherwise;

(xiv) all proceeds of leases of real property;

---

[4] All defined terms in the description of Postpetition Collateral shall have the meanings ascribed thereto in the Prepetition Senior Credit Agreement. All terms not specifically defined in the Prepetition Senior Credit Agreement shall have the meanings ascribed to such terms in Article 8 or 9 of the Uniform Commercial Code, as applicable.

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

(xv) effective upon the entry of the Final Order, all claims or causes of action or the proceeds thereof to avoid a transfer of property (or an interest in property) or an obligation incurred by any of the Debtors pursuant to any applicable Section of the Bankruptcy Code, including, without limitation, Chapter 5 and Section 724(a) of the Bankruptcy Code (the "**Avoidance Actions**");

(xvi) effective upon the entry of the Final Order, the Debtors' rights under Section 506(c) and Section 550 of the Bankruptcy Code and the proceeds thereof;

(xvii) to the extent not otherwise described above, all receivables and all present and future claims, rights, interests, assets and properties recovered by or on behalf of any Debtor;

(xviii) all books, records, and information relating to any of the foregoing and/or to the operation of any Debtor's business, and all rights of access to such books, records, and information, and all property in which such books, records and information are stored, recorded and maintained; and

(xix) to the extent not otherwise included or specifically excluded, all other personal property of the Debtors, whether tangible or intangible and all Proceeds and products of each of the foregoing and all accessions to, substitutions and replacements for, and rents, profits and products of each of the foregoing, and any and all proceeds of any insurance, indemnity, warranty or guaranty payable to such Debtor from time to time with respect to any of the foregoing.

        (b) Effective upon the entry of the Interim Order, (i) except as provided in this Interim Order and in the Term Sheet, with respect to the application of proceeds of the Prepetition Collateral to first pay the Prepetition Senior Obligations, all Postpetition Liens and the Carve Out shall each be and remain at all times senior to the Prepetition Liens, and all existing blocked account agreements, deposit account control agreements, securities account control agreements, credit card acknowledgements, credit card agreements, collateral access agreements, landlord

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

agreements, warehouse agreements, bailee agreements, carrier agency agreements, servicing or agency agreements, customs broker agency agreements, subordination agreements and freight forwarder agreements constituting Prepetition Senior Credit Documents, and all existing filings in accordance with certificate of title statutes and with the United States Patent and Trademark Office or the United States Copyright Office with respect to the recordation of an interest in the intellectual property of the Debtors which were filed by the Prepetition Senior Lenders, shall be deemed to be delivered and/or filed in connection with the Postpetition Facility, shall constitute Postpetition Loan Documents to the extent of any postpetition advances or extensions of credit made under the Postpetition Facility and shall remain in full force and effect without any further action by the Trustee, the Debtors, the Postpetition Lenders or any other person, (ii) any and all references in any such agreements or documents to the "Loan Agreement" shall hereafter be deemed to mean and refer to the Postpetition Facility herein to the extent of any postpetition advances or extensions of credit made under the Postpetition Facility, and (iii) any and all references in any such agreements or documents to the "Loan Documents" shall hereafter be deemed to mean and refer to the Postpetition Loan Documents, in each case as amended, modified, supplemented or restated and in effect from time to time, to the extent of any

Debtors:       New Century Transportation, Inc. *et al.*

Case No:       14-22093 (MBK)

Caption:       **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

postpetition advances or extensions of credit made under the Postpetition Facility.  Except as set forth in this Interim Order or in the Term Sheet, nothing in this Interim Order shall impair the rights of the Prepetition Senior Lenders under the Subordination Agreement as in effect prior to the date hereof.  The Court hereby finds the Subordination Agreement to be valid and enforceable in accordance with its terms.

7. *Postpetition Lien Priority*.

     (a) *Postpetition Liens*. The Postpetition Liens shall be junior only to the (i) Carve Out, and (ii) the Prepetition Permitted Liens, and shall otherwise be senior in priority and superior to the Prepetition Liens, the Adequate Protection Liens (as defined herein) and Adequate Protection Superpriority Claims (as defined herein) and any other security, mortgage, collateral interest, lien or claim on or to any of the Postpetition Collateral.

     (b) Other than as set forth herein or as further ordered by the Court, the Postpetition Liens shall not be made subject to, subordinate to, junior to, or *pari passu* with any lien or security interest heretofore or hereinafter granted in the Cases or any Successor Cases. The Postpetition Liens shall be valid and enforceable against any the Trustee, the Debtors, any trustee or other estate representative appointed in the Cases or any Successor Cases, and/or upon the dismissal of

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

---

any of the Cases or Successor Cases.  The Postpetition Liens shall not be subject to challenge under sections 510, 549, or 550 of the Bankruptcy Code.  No lien or interest avoided and preserved for the benefit of any of the Debtors' estates pursuant to section 551 of the Bankruptcy Code shall be *pari passu* with or senior to the Postpetition Liens.

(c) *Prepetition Liens*. For the avoidance of doubt, the Prepetition Liens shall be junior only to the (i) Carve Out; (ii) Postpetition Liens; and (iii) Prepetition Permitted Liens.

8. *Postpetition Superpriority Claim*.

(a) *Postpetition Lenders Superpriority Claim*. Upon entry of this Interim Order, the Postpetition Agent, on behalf of and for the benefit of itself and the other Postpetition Lenders, is hereby granted, pursuant to section 364(c)(1) of the Bankruptcy Code, an allowed superpriority administrative expense claim in each of the Cases and any Successor Cases (collectively, the "**Postpetition Superpriority Claim**") for all Postpetition Obligations.   The Postpetition Superpriority Claim shall be subordinate only to the Postpetition Liens, the Carve Out, and the Prepetition Senior Obligations (with respect to the Prepetition Collateral only) and shall otherwise have priority over any and all claims and administrative expenses of the kinds

Debtors:      New Century Transportation, Inc. *et al.*

Case No:     14-22093 (MBK)

Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I)
AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL, (III) GRANTING LIENS AND PROVIDING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV)
GRANTING ADEQUATE PROTECTION, (V) MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

specified in or ordered pursuant to sections 503(b) and 507(b) of the Bankruptcy Code, as

provided under section 364(c)(1) of the Bankruptcy Code.

(b) *Priority of Superpriority Claim.* The Postpetition Superpriority Claim shall be payable

from and have recourse to all pre- and post-petition property of the Debtors and their estates and

all proceeds thereof, subject only to the payment in full in cash of the Postpetition Obligations,

the Carve Out, the Prepetition Senior Liens and Prepetition Senior Obligations (from the

Prepetition Collateral only) and amounts secured by the Prepetition Permitted Liens. If

necessary, upon entry of the Final Order, the Postpetition Superpriority Claim shall be payable

from and/or have recourse to Avoidance Actions and proceed thereof.

9. *No Obligation to Extend Credit.* The Postpetition Lenders shall not have any obligation to

make any loan or advance under the Postpetition Facility, this Interim Order, the Term Sheet, the

Final Order, or under any Postpetition Loan Document unless all of the conditions precedent to

the making of such advance or extension of credit have been satisfied in full or waived by the

Postpetition Agent, and which conditions precedent and satisfaction and waiver thereof of are

subject to and may be provided by the Postpetition Agent in its sole discretion.

Debtors:          New Century Transportation, Inc. *et al.*

Case No:          14-22093 (MBK)

Caption:          **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

10. *Use of Postpetition Facility Proceeds*.  From and after the Petition Date, the Trustee shall use Cash Collateral and advances of credit under the Postpetition Facility only for the purposes specifically set forth in this Interim Order. Cash Collateral shall be paid over to the Prepetition Senior Agent as received and advances on the Postpetition Facility shall be used (a) to fund the Carve Out, and (b) to pay the expenses set forth on the Budget.

11. *Authorization to Use Cash Collateral*. Subject to the terms and conditions of this Interim Order and the Term Sheet, the Trustee is authorized to use Cash Collateral until the Termination Date.  Nothing in this Interim Order shall authorize the disposition of any assets of the Debtors or their estates outside the ordinary course of business or any use of any Cash Collateral or other proceeds resulting therefrom except as permitted in this Interim Order and the Term Sheet or further order of the Court.

12. *Adequate Protection Liens*.

    (a) *Prepetition Senior Lenders and Prepetition Subordinated Lenders – Adequate Protection Liens*.  Each of the Prepetition Senior Lenders and Prepetition Subordinated Lenders is hereby granted valid and perfected replacement and additional security interests in, and liens on all of the Debtors' right, title and interest in, to and under all Postpetition Collateral (the

Debtors:        New Century Transportation, Inc. *et al.*

Case No:       14-22093 (MBK)

Caption:       **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

"**Adequate Protection Liens**"). The grant of Adequate Protection Liens to the Prepetition Subordinated Lenders is subject to and conditioned on the Prepetition Subordinated Lenders proving the extent, validity and priority of their liens. The Adequate Protection Liens granted to the Prepetition Senior Lenders shall secure the diminution in value of the Prepetition Collateral securing the Prepetition Senior Obligations and shall be senior in all respects to the Adequate Protection Liens granted to the Prepetition Subordinated Lenders. The Adequate Protection Liens are and shall be valid, binding enforceable and fully perfected as of the date hereof and subordinate and subject to (i) the Postpetition Liens, (ii) the Prepetition Senior Liens and Permitted Liens, and (iii) the Carve Out.

(d) *Treatment of Adequate Protection Liens*. Other than as set forth herein or as further ordered by the Court, the Adequate Protection Liens shall not be made subject to subordinate, junior or *pari passu* with any lien or with any lien or security interest heretofore or hereinafter granted in the Cases or any Successor Cases. The Adequate Protection Liens shall be valid and enforceable against the Trustee, the Debtors, their estates, any trustee or other estate representative appointed in the Cases or any Successor Cases, and/or upon the dismissal of any of the Cases or Successor Cases.

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I)
AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL, (III) GRANTING LIENS AND PROVIDING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV)
GRANTING ADEQUATE PROTECTION, (V) MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

---

13. *Adequate Protection Superpriority Claims.*

(a) *Superpriority Claim of Prepetition Senior Lenders and Prepetition Subordinated
Lenders.* As further adequate protection of (i) the interests of the Prepetition Senior Lenders
with respect to the Prepetition Senior Obligations and (ii) the Prepetition Subordinated Lenders,
each of Prepetition Senior Lenders and the Prepetition Subordinated Lenders are hereby granted
an allowed administrative claim against the Debtors' estates under sections 503 and 507(b) of the
Bankruptcy Code (the "**Adequate Protection Superpriority Claims**") to the extent that the
Adequate Protection Liens do not adequately protect against any diminution in the value of the
Prepetition Senior Lenders' and the Prepetition Subordinated Lenders' respective interests in the
Prepetition Collateral. The grant of Adequate Protection Superpriority Claims to the Prepetition
Subordinated Lenders is subject to and conditioned on the Prepetition Subordinated Lenders
proving the extent, validity and priority of their liens. (b) *Priority of Adequate Protection
Superpriority Claims.* The Adequate Protection Superpriority Claim granted to the Prepetition
Senior Lenders shall be senior in all respects to the Adequate Protection Superpriority Claim
granted to the Prepetition Subordinated Lenders. Each of the Adequate Protection Superpriority
Claims shall be junior to the Carve Out, the Postpetition Liens, the Postpetition Superpriority

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Claim, the Prepetition Senior Liens, and the Adequate Protection Liens but the Adequate Protection Superpriority Claims shall otherwise have priority over administrative expenses of the kinds specified in or ordered pursuant to sections 503(b) and 507(b) of the Bankruptcy Code.

14. *Amendments*. The terms of the Postpetition Facility and any Postpetition Loan Documents documenting same may from time to time be amended, modified or supplemented by the Postpetition Agent and the Trustee, subject to the Postpetition Agent's written consent and  in its sole discretion, without notice or a hearing if: (i) in the reasonable judgment of the Trustee and the Postpetition Agent, the amendment, modification, or supplement (A) is in accordance with this Interim Order, (B) is not prejudicial in any material respect to the rights of third parties, and (C) has been consented to by the Postpetition Lenders or deemed consented to by the Postpetition Lenders, and (ii) a copy (which may be provided through electronic mail or facsimile) of the form of amendment, modification or supplement is provided to  the Prepetition Subordinated Agent and the U.S. Trustee at least two (2) business days prior to the effective date of the amendment, modification or supplement.

15. *Budget.*    The budget attached hereto as Exhibit "B" (the "**Budget**") and any modification to, or amendment or update of, the Budget shall be in form and substance acceptable to and

Debtors:          New Century Transportation, Inc. *et al.*

Case No:          14-22093 (MBK)

Caption:          **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

approved by the Postpetition Agent in its sole discretion. The Trustee shall not expend amounts that exceed the amount of such expenditure set forth on the Budget in any week during the period covered by the Budget without the prior written consent of the Postpetition Agent in its sole discretion, provided, however, amounts not fully expended for budgeted items may be carried over to the succeeding weeks.

16. *Modification of Automatic Stay*. The automatic stay imposed under section 362(a) of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order and the Term Sheet, including, without limitation, to: (a) permit the Trustee to grant the Postpetition Liens, the Adequate Protection Liens, the Postpetition Superpriority Claim, and the Adequate Protection Superpriority Claims; and (b) authorize the Trustee to repay the Prepetition Senior Obligations  from the proceeds of the Prepetition  Collateral, and to repay the Postpetition Facility from the proceeds of Prepetition Collateral, after payment in full of the Prepetition Senior Obligations, and then to repay the Postpetition Facility from any remaining Prepetition Collateral, and from Postpetition Collateral.

17. *Perfection of Postpetition Liens and Adequate Protection Liens*.

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

(a) *Automatic Perfection of Liens*. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of all liens granted herein including the Postpetition Liens and the Adequate Protection Liens, without the necessity of filing or recording any financing statement, mortgage, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement, collateral access agreement, customs broker agreement or freight forwarding agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the Postpetition Liens and the Adequate Protection Liens, or to entitle the Postpetition Lenders or the Prepetition Lenders to the priorities granted herein.  Notwithstanding the foregoing, the Postpetition Agent is authorized to file, as it deems necessary in its discretion, such financing statements, mortgages, notices of liens and other similar documents to perfect in accordance with applicable non-bankruptcy law or to otherwise evidence any of the Postpetition Liens, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the Petition Date; provided, however, that no such filing or recordation shall be necessary or required in order to create, perfect or enforce the Postpetition Liens.  The

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Trustee is authorized to execute and deliver promptly upon demand to the Postpetition Agent all such financing statements, mortgages, control agreements, notices and other documents as the Postpetition Agent may reasonably request.  The Postpetition Agent, in its discretion, may file a photocopy of this Interim Order as a financing statement with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, notices of lien or similar instrument.

18.  *Application of Proceeds of Postpetition Collateral*.  As a condition to the Postpetition Facility, the advances and extensions of credit under the Postpetition Facility and the authorization to use Cash Collateral as set forth herein and in the Term Sheet, the Trustee has agreed that the proceeds of Postpetition Collateral shall be applied as follows:

(a)  all net proceeds from any disposition of Postpetition Collateral arising on or after the Petition Date shall be applied, subject to the funding of the Carve Out: *first*, to payment of the Prepetition Senior Obligations in accordance with this Interim Order, the Term Sheet, the Final Order, any Postpetition Loan Documents and subject to any supplemental written terms or directions issued to the Trustee from the Postpetition Agent, *second*, to payment of any fees, costs and expenses payable and reimbursable by the Trustee or the Debtors' estates in connection

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY         PROCEDURE,        AND       D.N.J.      LBR       4001-4      (I)
AUTHORIZING          THE       TRUSTEE         TO       OBTAIN        POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL,         (III)     GRANTING          LIENS       AND       PROVIDING
SUPERPRIORITY          ADMINISTRATIVE              EXPENSE         STATUS,       (IV)
GRANTING        ADEQUATE           PROTECTION,          (V)      MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

with the Postpetition Facility and any Postpetition Loan Documents; *third*, to payment of the

Postpetition Facility, including interest incurred thereon, and *fourth*, to the Prepetition

Subordinated Obligations.

(b) Neither the Trustee nor the Debtors shall, directly or indirectly, voluntarily purchase,

redeem, defease, prepay any principal of, premium, if any, interest or other amount payable in

respect of any indebtedness prior to its scheduled maturity, other than the Postpetition

Obligations and the Prepetition Senior Obligations (each in accordance with this Interim Order,

the Term Sheet, the Final Order, and any Postpetition Loan Documents) and obligations

authorized by an order of the Court.

19. *Proceeds of Subsequent Financing*. If the Trustee, the Debtors, any other trustee, any

examiner with enlarged powers, any responsible officer or any other estate representative

subsequently appointed in these Cases or any Successor Cases shall obtain credit or incur debt

pursuant to sections 364(b), 364(c) or 364(d) of the Bankruptcy Code at any time prior to the

repayment in full of all Postpetition Obligations and Prepetition Senior Obligations and

termination of the Postpetition Lenders' obligations to extend credit under the Postpetition

Debtors:       New Century Transportation, Inc. *et al.*

Case No:       14-22093 (MBK)

Caption:       **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
               507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
               BANKRUPTCY       PROCEDURE,       AND       D.N.J.       LBR       4001-4       (I)
               AUTHORIZING       THE       TRUSTEE       TO       OBTAIN       POSTPETITION
               FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
               COLLATERAL,       (III)       GRANTING       LIENS       AND       PROVIDING
               SUPERPRIORITY       ADMINISTRATIVE       EXPENSE       STATUS,       (IV)
               GRANTING       ADEQUATE       PROTECTION,       (V)       MODIFYING
               AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
               SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
               RULE 4001**

Facility, then all the cash proceeds derived from such credit or debt shall immediately be turned over to the Postpetition Lenders to be applied as set forth in paragraph 18 herein.

20. *Maintenance of Postpetition Collateral*.  Until the payment in full in cash of any and all Postpetition Obligations and the Termination Date, as provided therein, the Trustee and any successor in interest to the Trustee shall maintain, protect and insure the Postpetition Collateral to the same extent that the Prepetition Senior Credit Agreement requires the Prepetition Collateral to be maintained, protected and insured, using advances made under the Postpetition Facility.

21. *Disposition of Collateral.* Unless otherwise authorized by the Court, neither the Trustee nor the Debtors shall sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral except as permitted by this Interim Order, the Term Sheet, the Final Order, or any other order of the Court consented to by the Postpetition Agent.

22. *Termination Date*. On the Termination Date, (i) all Postpetition Obligations shall be immediately due and payable, subject to the payment of any unfunded amounts of the Carve Out that are due and payable, and (ii) all authority to use Cash Collateral shall cease.

Debtors:       New Century Transportation, Inc. *et al.*

Case No:       14-22093 (MBK)

Caption:       **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY   PROCEDURE,   AND   D.N.J.   LBR   4001-4   (I)
AUTHORIZING   THE   TRUSTEE   TO   OBTAIN   POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL,   (III)   GRANTING   LIENS   AND   PROVIDING
SUPERPRIORITY   ADMINISTRATIVE   EXPENSE   STATUS,   (IV)
GRANTING   ADEQUATE   PROTECTION,   (V)   MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

23. *Events of Default*. "Events of Default" of the Postpetition Facility are set forth in the Term

Sheet (each an "**Event of Default**" and collectively, the "**Events of Default**").

24. *Rights and Remedies Upon Event of Default.*

(a) *Postpetition Facility Termination.* Immediately upon the occurrence of an Event of

Default hereunder, the Postpetition Agent may in its sole discretion declare the Postpetition

Facility terminated (such declaration, a "**Termination Declaration**").  Upon the issuance of a

Termination Declaration, all Postpetition Obligations may be deemed immediately due and

payable and any right or ability of the Trustee or the Debtors or their estates to use any Cash

Collateral may be terminated, reduced or restricted in the Postpetition Agent's sole discretion,

provided, however, that nothing set forth herein shall relieve the Postpetition Agent from the

obligation to fund the full amount of the Carve Out. With respect to the Prepetition Collateral

and the Postpetition Collateral, following the Termination Declaration, the Postpetition Lenders,

the Postpetition Agent and the Prepetition Senior Lenders may exercise all rights and remedies

available to them under the Prepetition Senior Credit Documents, as applicable, or at law or

equity, including all remedies provided under the Bankruptcy Code and pursuant to this Interim

Order, the Term Sheet, and the Final Order, against the Prepetition Collateral or Postpetition

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Collateral and without limiting the foregoing, the Postpetition Agent, the Postpetition Lenders, the Prepetition Senior Agent and the Prepetition Senior Lenders may enter onto the premises of any Debtor in connection with an orderly liquidation of the Prepetition Collateral or the Postpetition Collateral.

(b) *Notice of Termination*. Any Termination Declaration shall be given by facsimile (or other electronic means, including electronic mail) to counsel to the Trustee, to the Prepetition Subordinated Agent, and the U.S. Trustee (the earliest date any such Termination Declaration is made shall be referred to herein as the "**Termination Declaration Date**"). The Postpetition Obligations shall be due and payable, without notice or demand, and the use of Cash Collateral shall automatically cease on the Termination Declaration Date, subject to the Postpetition Agent's written consent and direction in its sole discretion. Any automatic stay otherwise applicable to the Postpetition Lenders, the Postpetition Agent and the Prepetition Senior Agent is hereby modified so that five (5) business days after the Termination Declaration Date (the "**Remedies Notice Period**"), the Postpetition Agent, the Postpetition Lenders, the Prepetition Senior Agent, and the Prepetition Senior Lenders shall be entitled to exercise all rights and remedies against the Prepetition Collateral or Postpetition Collateral in accordance with the

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Prepetition Senior Credit Documents, as applicable, and this Interim Order and the Term Sheet subject only to the  Carve Out and any Prepetition Permitted Liens.  Absent entry of an order by this Court to the contrary, at the conclusion of the Remedies Notice Period, the automatic stay shall automatically be terminated without further notice or order and the Postpetition Agent, the Postpetition Lenders, the Prepetition Senior Agent, and the Prepetition Senior Lenders shall be permitted to exercise all remedies set forth herein, in the Term Sheet, and in the Prepetition Senior Credit Documents, and as otherwise available at law against the Prepetition Collateral or Postpetition Collateral, without further order of or application or motion to the Court, and without restriction or restraint by any stay under Sections 362 or 105 of the Bankruptcy Code, or otherwise, against the enforcement of the liens and security interest in the Prepetition Collateral or Postpetition Collateral or any other rights and remedies granted to (x) the Postpetition Lenders pursuant to this Interim Order and the Term Sheet and (y) the Prepetition Senior Lenders with respect thereto pursuant to the Prepetition Senior Credit Agreement, the other Prepetition Senior Credit Documents, this Interim Order, or the Term Sheet.

25. *Good Faith Under Section 364 of the Bankruptcy Code & No Modification or Stay of this Interim Order*. The Postpetition Agent and the other Postpetition Lenders have acted in good

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

---

faith in connection with this Interim Order and the Term Sheet and its reliance on this Interim Order and the Term Sheet is in good faith.  Based on the findings set forth in this Interim Order and the record made during the Interim Hearing, and in accordance with Section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Interim Order or the Term Sheet are hereafter modified, amended or vacated by a subsequent order of this Court, or any other court, each of the Postpetition Lenders are entitled to the protections provided in Section 364(e) of the Bankruptcy Code. Any such modification, amendment or vacatur shall not affect the validity and enforceability of any advances previously made or made hereunder, or lien, claim or priority authorized or created hereby, provided that the Interim Order was not stayed by court order after due notice had been given to the Postpetition Agent at the time the advances were made or the liens, claims or priorities were authorized and/or created. Any liens or claims granted to the Postpetition Lenders hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Interim Order shall be governed in all respects by the original provisions of this Interim Order and the Term Sheet, including entitlement to all rights, remedies, privileges and benefits granted herein, provided that the Interim Order was not stayed

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

by court order after due notice had been given to the Postpetition Agent at the time the advances were made or the liens, claims or priorities were authorized and/or created.

26. *Postpetition Facility and Other Expenses*. The Postpetition Agent and the other Postpetition Lenders may incur legal, accounting, collateral examination, monitoring and appraisal fees, fees and expenses of other consultants or advisors, and indemnification and reimbursement obligations with respect thereto and the Trustee is authorized and directed to pay all reasonable and documented out-of-pocket expenses of the Postpetition Agent and the other Postpetition Lenders in connection with the Postpetition Facility, including, without limitation, reasonable legal, accounting, collateral examination, monitoring and appraisal fees, financial advisory fees, fees and expenses of other consultants, and indemnification and reimbursement of fees and expenses, upon the Trustee's receipt of invoices for the payment thereof. Payment of all such fees and expenses shall not be subject to allowance by the Court and professionals for the Postpetition Agent and the other Postpetition Lenders shall not be required to comply with the U.S. Trustee fee guidelines. Notwithstanding the foregoing, at the same time such invoices are delivered to the Trustee, the professionals for the Postpetition Agent and the other Postpetition Lenders shall deliver a copy of their respective invoices to counsel for the Trustee, each

Debtors:       New Century Transportation, Inc. *et al.*

Case No:       14-22093 (MBK)

Caption:       **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY     PROCEDURE,     AND     D.N.J.     LBR     4001-4     (I)
AUTHORIZING     THE     TRUSTEE     TO     OBTAIN     POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL,     (III)     GRANTING     LIENS     AND     PROVIDING
SUPERPRIORITY   ADMINISTRATIVE   EXPENSE   STATUS,   (IV)
GRANTING     ADEQUATE     PROTECTION,     (V)     MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

Prepetition Lender and the U.S. Trustee, redacted as necessary with respect to any privileged or

confidential information contained therein.  Any objections raised by the Trustee, the U.S.

Trustee, or any Prepetition Lender with respect to such invoices within ten (10) days of the

receipt thereof will be resolved by the Court.  In the event of any objection, the provisions of

Section 107 of the Bankruptcy Code and Bankruptcy Rule 9018 shall apply.  Pending such

resolution, the undisputed portion of any such invoice will be paid promptly by the Trustee.

27. *Indemnification.*

       (a) The Trustee, the Debtors and their estates shall indemnify and hold harmless the

Postpetition Agent and Postpetition Lenders and its shareholders, members, directors, agents,

officers, subsidiaries and affiliates, successors and assigns, attorneys and professional advisors,

in their respective capacities as such, from and against any and all damages, losses, settlement

payments, obligations, liabilities, claims, actions or causes of action, whether groundless or

otherwise, and reasonable costs and expenses incurred, suffered, sustained or required to be paid

by an indemnified party of every nature and character arising out of or related to the Postpetition

Facility or the transactions contemplated thereby and by this Interim Order or the Term Sheet,

whether such indemnified party is party thereto, as provided in and pursuant to the terms of this

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY       PROCEDURE,     AND     D.N.J.    LBR    4001-4    (I)
AUTHORIZING     THE     TRUSTEE     TO     OBTAIN     POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL,     (III)    GRANTING     LIENS     AND     PROVIDING
SUPERPRIORITY     ADMINISTRATIVE     EXPENSE     STATUS,    (IV)
GRANTING     ADEQUATE     PROTECTION,     (V)    MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

Interim Order and the Term Sheet and as further described herein, or in connection with these

Cases, or any action or inaction by the Trustee or Debtors, in each case except to the extent

resulting from such indemnified party's gross negligence or willful misconduct as finally

determined by a final non-appealable order of a court of competent jurisdiction.  In all such

litigation, or the preparation therefor, the Postpetition Agent and the Postpetition Lenders shall

be entitled to select their own counsel and, in addition to the foregoing indemnity, the Trustee

agrees to promptly pay the reasonable fees and expenses of such counsel.

28. *Proofs of Claim*. Any order entered by the Court in relation to the establishment of a bar date

for any claims (including without limitation administrative claims) in any of the Cases or

Successor Cases shall not apply to any of the Postpetition Lenders, Prepetition Senior Lenders or

the Prepetition Subordinated Lenders. Neither Postpetition Lenders, Prepetition Senior Lenders

nor the Prepetition Subordinated Lenders will be required to file proofs of claim or requests for

approval of administrative expenses in any of the Cases or Successor Cases, and the provisions

of this Interim Order and the Term Sheet relating to the amount of the Postpetition Obligations,

the Prepetition Senior Obligations and the Prepetition Subordinated Obligations shall constitute

timely filed proofs of claim and/or administrative expense requests.

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

29. *Rights of Access and Information*. Without limiting the rights of access and information afforded the Postpetition Lenders under the Postpetition Loan Documents, the Trustee shall be, and hereby is, required to afford representatives, advisors, agents and/or employees of the Postpetition Agent reasonable access to the Debtors' premises and their books and records to the extent provided in the Prepetition Senior Credit Documents, and shall reasonably cooperate, consult with, and provide to such persons all such information as may be reasonably requested. In addition, the Trustee authorizes her independent certified public accountants, financial advisors, investment bankers and consultants to cooperate, consult with, and provide to the Postpetition Agent and all Postpetition Lenders all such information as may be reasonably requested with respect to the business, results of operations and financial condition of any Debtor.

30. *Carve Out.*

(a) *Carve Out*. As used in this Interim Order, the "**Carve Out**" means, collectively, the sum of (i) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee pursuant to 28 U.S.C. §1930(a) and Section 3717 of title 31 of the United States Code, (ii) the Trustee's commission under Section 326 of the Bankruptcy Code, and (iii)

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

---

the aggregate amount of commissions and professional fees and the reimbursement of out-of-pocket expenses approved by the Court and incurred by the Trustee and her retained attorneys, accountants, and other professionals (each a "**Case Professional**" and collectively, the "**Case Professionals**") (but specifically excluding any auction commissions that may be allowed by the Court, incurred and payable to Taylor & Martin as auctioneer and/or fleet liquidation consultants to be retained by the Trustee) in the performance of their duties and consistent with the expected tasks and costs of tasks of Case Professionals reflected in the Budget, which amounts shall not exceed the sum of $750,000.00.   No portion of the Carve Out, nor any Cash Collateral or proceeds of the Postpetition Facility may be used in violation of this Interim Order. The Postpetition Lenders reserve the right to object to the fees, commissions and expenses sought by the Trustee and her professionals.   The Carve Out shall be funded during the Term by the Postpetition Agent from the Postpetition Facility at the rate of $100,000.00 per week commencing after the date of entry of this Interim Order with the final payment due on the Termination Date.

(b) *No Direct Obligation to Pay Professional Fees*.   Except for the agreement with respect to funding of the Carve Out, the Postpetition Agent, the Postpetition Lenders, the

Debtors:     New Century Transportation, Inc. *et al.*

Case No:     14-22093 (MBK)

Caption:     **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

---

Prepetition Senior Agent, the Prepetition Senior Lenders, and the Prepetition Subordinated Lenders shall not be responsible for the funding, direct payment or reimbursement of any fees or disbursements of the Trustee or any Case Professionals incurred in connection with the Cases or any Successor Cases.  Nothing in this Interim Order or otherwise shall be construed to obligate the Postpetition Agent, the Postpetition Lenders, the Prepetition Senior Agent, the Prepetition Senior Lenders, or the Prepetition Subordinated Lenders, in any way, to pay compensation to or to reimburse expenses of the Trustee or any Case Professional, or to guarantee that the Trustee or the Debtors' estates have sufficient funds to pay such compensation or reimbursement.  Nothing in this Interim Order or otherwise shall be construed to increase the Carve Out.

(c) *Payment of Carve Out*. Upon the occurrence of the Termination Date, the Postpetition Obligations, the Postpetition Liens, the Postpetition Superpriority Claims, the Adequate Protection Liens and the Adequate Protection Superpriority Claims, and the Prepetition Secured Obligations shall be subject to the payment of the unfunded amount of the  Carve Out.   Any amounts paid on account of the Carve Out and not used to pay US Trustee fees, Clerk noticing charges, or commissions of the Trustee or fees and expenses of her retained professionals, shall be paid to the Postpetition Agent.

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364,
507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I)
AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION
FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH
COLLATERAL, (III) GRANTING LIENS AND PROVIDING
SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV)
GRANTING ADEQUATE PROTECTION, (V) MODIFYING
AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII)
SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY
RULE 4001**

31. *Limitations on the Postpetition Facility, the Postpetition Collateral, the Cash Collateral and the Carve Out.* Unless otherwise consented to by the Postpetition Agent, the Prepetition Senior Agent, and subject to entry of a Final Order, the Postpetition Facility, the Postpetition Collateral, the Cash Collateral and the Carve Out may not be used: (a) in connection with or to finance in any way any action, suit, arbitration, proceeding, application, motion or other litigation of any type (i) adverse to or against the interests of the Prepetition Senior Agent, Prepetition Senior Lenders, the Postpetition Agent or the Postpetition Lenders or their rights and remedies under the Prepetition Senior Credit Documents, this Interim Order or the Final Order, including, without limitation, for the payment of any services rendered by the professionals retained by the Trustee, or the Debtors in connection with the assertion of or joinder in any claim, counterclaim, action, proceeding, application, motion, objection, defense or other contested matter, the purpose of which is to seek, or the result of which would be to obtain, any order, judgment determination, declaration or similar relief, provided, however, the Carve Out may be used to fund claims against such parties to enforce full funding of the Carve Out; (ii) invalidating, setting aside, avoiding or subordinating, in whole or in part, the Postpetition Obligations, or the Prepetition Senior Obligations (iii) for monetary, injunctive or other affirmative relief against the

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Postpetition Agent, the Postpetition Lenders, the Prepetition Senior Agent, or the Prepetition Senior Lenders, or their respective collateral, (iv) preventing, hindering or otherwise delaying the exercise by the Postpetition Agent, the Postpetition Lenders, the Prepetition Senior Agent, or the Prepetition Senior Lenders, of any rights and remedies under this Interim Order or the Final Order, the Prepetition Senior Credit Documents, or applicable law, or the enforcement or realization (whether by foreclosure, credit bid, further order of the Court or otherwise) by the Postpetition Agent or the other Postpetition Lenders upon any of the Prepetition Collateral or the Postpetition Collateral, by the Prepetition Senior Agent or any of the Prepetition Senior Lenders with respect to its Adequate Protection Liens or upon any of its Prepetition Collateral, or (iv) to otherwise pursue litigation against the Postpetition Agent, the Postpetition Lenders, the Prepetition Senior Agent, or the Prepetition Senior Lenders; (b) to make any distribution from the Debtors or their estates other than as set forth herein; (c) to make any payment in settlement of any claim, action or proceeding, before any court, arbitrator or other governmental body; (d) to pay any fees or similar amounts to any person who has proposed or may propose to purchase interests in any of the Debtors; (e) objecting to, contesting, or interfering with, in any way, the Postpetition Agent or any Postpetition Lender's enforcement or realization upon any of the

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Prepetition Collateral or the Postpetition Collateral, except as provided for in this Interim Order or Final Order, or seeking to prevent the Postpetition Agent or any Postpetition Lender from credit bidding in connection with any liquidation or any proposed transaction pursuant to section 363 of the Bankruptcy Code; (f) using or seeking to use Cash Collateral while the Postpetition Obligations or the Prepetition Senior Obligations remain outstanding in a manner inconsistent with this Interim Order or Final Order; (g) using or seeking to use any insurance proceeds constituting Postpetition Collateral without the written consent of the Postpetition Agent; (h) incurring any indebtedness outside the ordinary course of business, except as permitted this Interim Order or Final Order or as consented to and directed by the Postpetition Agent in its sole discretion; (i) objecting to or challenging in any way the claims, liens, or interests held by the Postpetition Agent, the Postpetition Lenders, Prepetition Senior Agent, or the Prepetition Senior Lenders; (j) asserting, commencing or prosecuting any claims or causes of action whatsoever, including, without limitation, any actions under Chapter 5 of the Bankruptcy Code, against the Postpetition Agent, the Postpetition Lenders, Prepetition Senior Agent, or the Prepetition Senior Lenders; or (k) prosecuting an objection to, contesting in any manner, or raising any defenses to, the validity, extent, amount, perfection, priority, or enforceability of any of the Postpetition

Debtors:          New Century Transportation, Inc. *et al.*

Case No:          14-22093 (MBK)

Caption:          **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Obligations, or the Prepetition Senior Obligations, the Postpetition Liens, or the Prepetition Senior Liens or any other rights or interests of the Postpetition Agent, the Postpetition Lenders, Prepetition Senior Agent, or the Prepetition Senior Lenders.  In addition to the foregoing, the Postpetition Agent does not consent to commencing any action, suit, arbitration, litigation or otherwise prosecuting or enforcing any claim or right on behalf of the Trustee or any of the Debtors' estates against any party or any preparation therefor and the Postpetition Agent does not consent to including any fees or expenses incurred with respect to the foregoing in the Carve Out unless the Postpetition Agent has given its written consent to same, in its sole discretion, after being fully briefed on the nature and merits of any such action, suit, arbitration, litigation or prosecution.

32. *Payment of Compensation*. Nothing herein shall be construed as a consent to the allowance of any professional fees, commissions or expenses of any Case Professionals or shall affect the right of the Postpetition Agent or Postpetition Lenders to object to the allowance and payment of such fees, commissions and expenses.

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

33. *No Third Party Rights*. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

34. *Section 506(c) Claims*. Upon entry of the Final Order, no costs or expenses of administration which have been or may be incurred in the Cases at any time shall be charged against the Postpetition Agent, the Postpetition Lenders, the Postpetition Collateral, the Prepetition Senior Agent, the Prepetition Senior Lenders, the Prepetition Subordinated Lenders, the Prepetition Senior Liens or the Prepetition Subordinated Liens pursuant to sections 105 or 506(c) of the Bankruptcy Code, or otherwise, except for the Carve Out.

35. *No Marshaling/Applications of Proceeds*. Upon entry of the Final Order, none of the Postpetition Agent, the Postpetition Lenders, the Prepetition Senior Agent, the Prepetition Senior Lenders, the Prepetition Subordinated Agent, or the Prepetition Subordinated Lenders shall be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the Collateral.

36. *Section 552(b)*. The Postpetition Lenders shall be entitled to all of the rights and benefits of Section 552(b) of the Bankruptcy Code. Subject to the entry of the Final Order, the "equities of

Debtors:      New Century Transportation, Inc. *et al.*

Case No:      14-22093 (MBK)

Caption:      **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Postpetition Agent, the Postpetition Lenders, the Prepetition Senior Agent, the Prepetition Senior Lenders, the Prepetition Subordinated Agent, or the Prepetition Subordinated Lenders with respect to proceeds, products, offspring or profits of any of the Prepetition Collateral.

37. *Joint and Several Liability*. Nothing in this Interim Order shall be construed to constitute a substantive consolidation of any of the Debtors' estates, it being understood, however, that the Debtors shall be jointly and severally liable for the obligations hereunder and in accordance with the terms of the Postpetition Facility and the Postpetition Loan Documents.

38. *Rights Preserved*. Notwithstanding anything herein to the contrary, and subject in all respects to the Subordination Agreement,  the entry of this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) Postpetition Lenders' or the Prepetition Secured Creditors' right to seek any other or supplemental relief in respect of the Debtors (including the right to seek additional adequate protection, including, without limitation, in the form of reimbursement of fees and expenses of counsel to the Prepetition Secured Creditors); (b) the rights of any of the Prepetition Secured Creditors to seek the payment by the Debtors of post-petition interest or fees pursuant to section 506(b) of the Bankruptcy Code; or (c) any of the

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

rights of the Postpetition Lenders or the Prepetition Secured Creditors under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, or (ii) request dismissal of any of the Cases or Successor Cases.  Other than as expressly set forth in this Interim Order, any other rights, claims or privileges (whether legal, equitable or otherwise) of the Postpetition Lenders and the Prepetition Secured Creditors are preserved.

39. *No Waiver by Failure to Seek Relief*. The failure of the Postpetition Lenders  to seek relief or otherwise exercise rights and remedies under this Interim Order, the Postpetition Loan Documents, or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder, or otherwise of the Postpetition Lenders.

40. *Binding Effect of Interim Order*. Immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Interim Order shall become valid and binding upon and inure to the benefit of the Debtors, the Postpetition Lenders, the Prepetition Secured Creditors, all other creditors of any of the Debtors, any Statutory Committee or any other court appointed committee, appointed in the Cases, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

hereafter appointed in any of the Cases, any Successor Cases, or upon dismissal of any Case or Successor Case. Notwithstanding anything contained herein with respect to the obligations or limitations when a Final Order is entered, the terms of the Final Order shall be what is binding on all parties.

41. *No Modification of Interim Order*. Until and unless the Postpetition Obligations have been paid in full in cash (such payment being without prejudice to any terms or provisions contained in the Postpetition Facility which survive such discharge by their terms), and all commitments to extend credit under the Postpetition Facility have been terminated, the Trustee irrevocably waives the right to seek and shall not seek or consent to, directly or indirectly: (a) without the prior written consent of the Postpetition Lenders (i) any modification, stay, vacatur or amendment to this Interim Order; or (ii) a priority claim for any administrative expense or unsecured claim against the Debtors (now existing or hereafter arising of any kind or nature whatsoever, including, without limitation any administrative expense of the kind specified in sections 503(b), 507(a) or 507(b) of the Bankruptcy Code) in any of the Cases or Successor Cases, equal or superior to the Postpetition Superpriority Claim, other than the  Carve Out; (b) any order allowing use of Cash Collateral; and (c) any lien on any of the Collateral with priority

Debtors:   New Century Transportation, Inc. *et al.*

Case No:   14-22093 (MBK)

Caption:   **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

equal or superior to the Postpetition Liens. The Trustee irrevocably waives any right to seek any amendment, modification or extension of this Interim Order without the prior written consent, as provided in the foregoing, of the Postpetition Lenders, and no such consent shall be implied by any other action, inaction or acquiescence of the Postpetition Lenders.

42. *Survival*. The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (a) confirming any plan of reorganization in any of the Cases; (b) converting any of the Cases to a case under Chapter 7 of the Bankruptcy Code; (c) dismissing any of the Cases or any Successor Cases; or (d) pursuant to which this Court abstains from hearing any of the Cases or Successor Cases. The terms and provisions of this Interim Order, including the claims, liens, security interests and other protections granted to the Postpetition Lenders and Prepetition Secured Creditors pursuant to this Interim Order and/or the Postpetition Loan Documents, notwithstanding the entry of any such order, shall continue in the Cases, in any Successor Cases, or following dismissal of the Cases or any Successor Cases, and shall maintain their priority as provided by this Interim Order until all Postpetition Obligations have been paid in full and all commitments to extend credit under the Postpetition Facility are terminated. The terms and provisions concerning the indemnification of the

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

---

Postpetition Lenders shall continue in the Cases and in any Successor Cases, following dismissal of the Cases or any Successor Cases, following termination of the Postpetition Loan Documents and/or the repayment of the Postpetition Obligations.

43. *Final Hearing*. The Final Hearing to consider entry of the Final Order and final approval of the Postpetition Facility is scheduled for _____ __, 2014 at ___:__ _.m. (ET) before the Honorable _____, United States Bankruptcy Judge, Courtroom ___, at the United States Bankruptcy Court for the District of New Jersey located at _____.

44. *Notice of Final Hearing*: On or before ____ __, 2014, the Trustee shall serve, by United States mail, first-class postage prepaid, a copy of the Financing Motion and this Interim Order upon: (a) the Office of the United States Trustee for the District of New Jersey; (b) the Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the twenty (20) largest unsecured creditors of the Debtors at their last known addresses; (e) attorneys for the Postpetition Lenders and the Prepetition Senior Agent; (f) attorneys for the Prepetition Subordinated Lenders; (g) any party which has filed prior to such date a request for notices under Bankruptcy Rule 2002 with this Court.

| | |
|---|---|
| Debtors: | New Century Transportation, Inc. *et al.* |
| Case No: | 14-22093 (MBK) |
| Caption: | **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001** |

45. *Objection Deadline*: Objections, if any, to the relief sought in the Motion shall be in writing, shall set forth with particularity the grounds for such objections or other statement of position, shall be filed with the clerk of the Bankruptcy Court, and personally served upon (a)counsel to the Debtors; (c) the Office of the United States Trustee for the District of New Jersey; (d) attorneys for the Postpetition Lenders and the Prepetition Senior Lenders; (f) counsel for the Prepetition Subordinated Lenders, so that such objections are filed with the Court and received by said parties on or before __:___ p.m. Eastern Time on _____, 2014 with respect to entry of the Final Order.

46. *Effect of this Interim Order*. This Interim Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect immediately, notwithstanding anything to the contrary proscribed by applicable law. As disclosed at the Interim Hearing, the parties may seek at the Final Hearing authority to fully "roll-up" and pay in full the Prepetition Senior Obligations.  Nothing contained in this Order shall constitute such authority.

47. *Retention of Jurisdiction*. The Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

Debtors:        New Century Transportation, Inc. *et al.*

Case No:        14-22093 (MBK)

Caption:        **INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 721, RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND D.N.J. LBR 4001-4 (I) AUTHORIZING THE TRUSTEE TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE TRUSTEE TO USE CASH COLLATERAL, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING AUTOMATIC STAY, (VI) GRANTING RELATED RELIEF, AND (VII) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

48. *Conflicts Between the Financing Orders and any Other Orders Entered in the Cases*.  To the extent there is any inconsistency between any of the provisions, terms and conditions contained in any of the Financing Orders, on the one hand, and any of the provisions, terms and conditions contained in any other order entered by this Court in any of the Cases, on the other hand, the provisions, terms and conditions contained in the Financing Orders shall govern, control and supersede except only to the extent a separate order is entered by this Court in the above-captioned Case specifically seeking to amend or modify any Financing Order after the Postpetition has been given all notice and opportunity to object required by the applicable Bankruptcy Rules.