**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>New Century Transportation, Inc.,<br><br>                Debtor. | Chapter 7<br>Bankr. Case No. 14-22093-MBK |
| ROBERT KEARNEY, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>New Century Transportation, Inc.,<br><br>                Defendant. | **ADVERSARY<br>CLASS ACTION COMPLAINT**<br><br>**Adv. Case No. _____ - \_\_\_\_\_** |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*. AND (2) VIOLATION OF NEW JERSEY MILLVILLE DALLAS AIRMOTIVE PLANT JOB LOSS NOTIFICATION ACT**

Plaintiff Robert Kearney ("Plaintiff") alleges on behalf of himself and a class of similarly situated former employees of defendant, by way of his Class Action Complaint against New Century Transportation, Inc. ("New Century" or "Debtor" or "Defendant") by and through his counsel as follows:

**NATURE OF THE ACTION**

1. On or about June 9, 2014, and within thirty (30) days of that date, Defendant terminated without notice the employment of its approximately 1,500 or so full-time employees.

2. Plaintiff Robert Kearney was an employee of New Century until his termination on or about June 9, 2014.

3. The Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, plant closings ordered by Defendant and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*. and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act").

4. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the federal WARN Act, and lost wages including severance pay equal to one week of pay for each full year of employment, under the New Jersey WARN Act, from Defendant.

5. Plaintiff filed substantially the same claims contained herein on June 9, 2014 in the United States District Court for the District of New Jersey, styled as Kearney v. New Century Transportation, Inc. case no. 14-cv-03691-JHR-AMD. The filing was reported by regional and trucking industry publications, and since then, similarly-situated putative class members have retained the undersigned counsel to participate in this action.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

8. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

2

## THE PARTIES

*Plaintiff*

9. Plaintiff Robert Kearney was an employee of New Century and worked at the Defendant's facility located at 45 E. Park Dr., Westampton, New Jersey (the "Westampton Facility") until his termination on or about June 9, 2014.

*Defendant*

10. Defendant New Century is a New Jersey corporation with its principal place of business located at the Westhampton Facility and conducted business in this district.

11. Defendant maintained and operated its corporate headquarters located at 45 E. Park Dr., Westampton, New Jersey, and operated additional facilities as that term is defined by the WARN Act throughout the United States (the "Facilities").

12. Until on or about June 9, 2014, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to one of Defendant's Facilities.

13. On June 11, 2014 the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

14. Upon information and belief, the Defendant made the decision to terminate the employment of the Plaintiff and the other similarly situated former employees and file for bankruptcy.

## FEDERAL WARN ACT CLASS ALLEGATIONS

15. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about June 9, 2014, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about June 9, 2014, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

17. Upon information and belief, Defendant employed approximately 1,500 employees nationwide.

18. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

19. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

20. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a)  whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

    (b)  whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    (c)  whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

  21.  The Plaintiff's claims are typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and were terminated without cause beginning on or about June 9, 2014, due to the mass layoffs and/or plant closings ordered by Defendant.

  22.  The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

  23.  Beginning on or about June 9, 2014, Defendant terminated the Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act.

24. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

25. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

26. The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW JERSEY WARN ACT CLASS ALLEGATIONS

27. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

28. The Class Plaintiff brings the Second Claim for Relief for violation of the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act") on behalf of a class of similarly situated persons pursuant the New Jersey WARN Act and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or

6

reported to one of Defendant's Facilities and were terminated without cause on or about June 9, 2014 (the "New Jersey WARN Class").

29. The persons in the New Jersey WARN Class identified above ("New Jersey WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

30. On information and belief, the identity of the members of the class and the recent residence address of each of the New Jersey WARN Class Members is contained in the books and records of Defendant.

31. On information and belief, the rate of pay and benefits that were being paid by Defendant to each New Jersey WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

32. Common questions of law and fact exist as to members of the New Jersey WARN Class, including, but not limited to, the following:

(a) whether the members of the New Jersey WARN Class were employees of the Defendant;

(b) whether Defendant unlawfully terminated the employment of the members of the New Jersey WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the New Jersey WARN Act; and

(c) whether Defendant unlawfully failed to pay the New Jersey WARN Class members severance pay equal to one week of pay for each full year of employment as required by the New Jersey WARN Act.

33. The Class Plaintiff's claims are typical of those of the New Jersey WARN Class. The Class Plaintiff, like other New Jersey WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated on or about June 9, 2014, due to the termination of the Facilities ordered by Defendant.

34. The Class Plaintiff will fairly and adequately protect the interests of the New Jersey WARN Class.  The Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

35. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey WARN Class predominate over any questions affecting only individual members of the New Jersey WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual New Jersey WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

36. Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the New Jersey WARN Act rights of all the members of the Class.

37. The Class Plaintiff intends to send notice to all members of the New Jersey WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

## Violation of the Federal WARN Act

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39. At all relevant times, Defendant employed more than 1,500 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

40. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

41. Beginning on or about June 9, 2014, Defendant ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2).

42. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

43. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

44. The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

Case 14-22093-MBK    Doc 9    Filed 06/12/14    Entered 06/12/14 13:31:03    Desc Main
                              Document      Page 10 of 12

45.     Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

46.     Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

47.     The Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

48.     Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## Violation of the New Jersey WARN Act

49.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50.     At all relevant times, Defendant was an individual or private business entity defined as "employer" under the New Jersey WARN Act and continued to operate as a business until they decided to terminate operations at the Establishment and/or Facilities as defined by PL. 2007, c.212, C.34:21-2.

51.     On or about June 9, 2014, the Defendant ordered a termination of operations as defined by PL. 2007, c.212, C.34:21-2.

52.     The New Jersey WARN Class Members suffered a termination of employment as defined by PL. 2007, c.212, C.34:21-2, having been terminated by Defendants without cause on their part.

10

53. Defendant was required by the New Jersey WARN Act to give the New Jersey Class Members at least 60 days advance written notice of their terminations.

54. Defendant failed to give the New Jersey WARN Class Members written notice that complied with the requirements of the New Jersey WARN Act.

55. Defendant failed to pay the New Jersey WARN Class Members their respective lost wages, benefits and other remuneration, including severance pay equal to one week of pay for each full year of employment.

56. The relief sought in this proceeding is equitable in nature.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as the Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. An allowed wage priority claim for up to $12,450 of the federal and New Jersey WARN Act claims of Plaintiff and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A); (ii) severance pay equal to one week of

    pay for each full year of employment under the New Jersey WARN Act PL. 2007, c.212, C.34:21-6 including any civil penalties; or in the alternative a first priority administrative expense claim against Defendant pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) in favor of Plaintiff and the other similarly situated former employees equal to those sums;

E.    Reasonable attorneys' fees and the costs and disbursements that the Plaintiff will incur in prosecuting this action, as authorized by the federal and New Jersey WARN Acts; and

F.    Such other and further relief as this Court may deem just and proper.

Dated: June 12, 2014

        Respectfully submitted,

        By: /s/ Gail C. Lin
        Gail C. Lin, Esquire (Bar No. 036752001)
        Jack A. Raisner
        René S. Roupinian
        **Outten & Golden LLP**
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone: (212) 245-1000

        *Attorneys for Plaintiff and the Putative Class*